The Chief Justice delivered the opinion of the court.
The objection taken in the court below, on account of the variance between the agreement set forth in the state of demand, and that which was proved to have been entered into by the parties, ought to have been sustained. The variance is fatal. The plaintiff did not undertake to set out the agreement according to its legal effect, but by its tenor. He alleged that a certain specified agreement was expressly *396 and in writing entered into by the parties. On his evidence it appeared that the agreement actually contained but part of what he had alleged, and the part not proved was a condition on which the contract might become void. It is no answer to say this part was in a nota bene, and after the signature of the parties; for the plaintiff not only set it forth as part of the agreement actually made, but among his averments to shew his right to recover, he has introduced one founded upon this part of the agreement. Nor does it avail any thing to say this clause contains no more than a qualification which the law itself annexed to the contract. Eor it is set forth as expressly made, and not as implied by law. The written agreement of the parties is described as having actually contained this clause.
Let the judgment be reversed.